153 F.3d 730
 98 CJ C.A.R. 4108
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Shawn D. YOUNGER, Plaintiff-Appellant,
v.
James L. SAFFLE, in his official capacity; Lanny Weaver; Ron
Champion; Charles Arnold, Defendants-Appellees.
 No. 98-5003.
 United States Court of Appeals, Tenth Circuit.
 July 28, 1998.
 
 Before PORFILIO, KELLY, and HENRY, Circuit Judges.
 ORDER AND JUDGMENT*
 JOHN C. PORFILIO, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This is an action initiated pro se under 28 U.S.C. § 1983 for damages related to two incidents which occurred in state penal institutions. The first is a claim of denial of constitutional rights related to a prison disciplinary action. The second is a claim for damages resulting from injuries allegedly sustained by plaintiff at the hands of a cellmate. Counsel was appointed in the district court to represent plaintiff when his health would not permit him to continue his own representation. Judgment was entered for the defendants after a bench trial, and this appeal followed.
 
 
 3
 The appeal, however, stretches credulity, challenges traditional concepts of justiciability, and teeters on the brink of frivolity. Its futility is underscored by counsel's quotation of the dissent of Justice Stevens in United States v. Scheffer, --- U.S. ----, 118 S.Ct. 1261, 140 L.Ed.2d 413 (1998), as his only authority for his argument the plaintiff has a constitutionally guaranteed right to demand that he and all witnesses in a prison disciplinary proceeding be subjected to a polygraph examination. In Scheffer, Justice Stevens opined that a blanket rule denying use of polygraphs in military courts is unconstitutional because it impinges upon a defendant's right to a defense. Despite the fact the opinion has little bearing on the issue plaintiff has raised, it should be hardly surprising that if Justice Stevens' contention did not sway the Court, we surely cannot consider it persuasive authority in this case. Suffice to say, the district court properly concluded a state inmate has no constitutional right to the use of a polygraph in a prison disciplinary hearing. See United States v. Tsosie, 986 F.2d 1431, 1993 WL 34780 (10th Cir.1993) (unpublished) (Denial of defendant's use of a polygraph in his defense is not a denial of due process.).
 
 
 4
 Plaintiff next claimed the Oklahoma Director of the Department of Corrections, in his official capacity, is liable in damages because plaintiff was placed in a cell with a prisoner who was "known by the prison staff as a serious threat to himself and his unit." The district court held the Director was not a "proper defendant," citing Harlow v. Fitzgerald, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982), and denied the claim.
 
 
 5
 On appeal, counsel argues the Director is responsible "for the operational policies of penal institutions and thus ultimately responsible for Younger's cell assignment." Counsel does not address the state's Eleventh Amendment argument nor does he address our line of cases mandating personal participation as a predicate to § 1983 liability. Bennett v. Passic, 545 F.2d 1260, 1262-63 (10th Cir.1976); Mee v. Ortega, 967 F.2d 423, 430-31 (10th Cir.1992). Furthermore, because plaintiff did not identify a specific individual who was responsible for his cell placement, he cannot maintain an action against the Director based on respondeat superior liability. See Andrews v. Philadelphia, 895 F.2d 1469, 1488 (3d Cir.1990).
 
 
 6
 JUDGMENT AFFIRMED.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3